**HIPSHER, Plaintiff, v. HUNTER et, Defendants.**

Common Pleas Court, Van Wert County.

No. 19961.   Decided. May 31, 1950.

Perry Wise, Beard & Wise, Charles E. Baldwin, Van Wert, for plaintiff.

Charles E. Drury, Kenneth Koch, Drury & Koch, Van Wert, for defendants.

## OPINION

By McNEILL, J.

This is an action filed by plaintiff for a declaratory judgment. Briefly, the facts indicate that at one time plaintiff and defendant had entered into a contract for a farm lease, said lease expiring on the 1st day of March, 1945. Thereafter the same had been renewed from year to year orally, including the crop year of March 1, 1949 to March 1, 1950. Defendant claims that he and plaintiff, during the summer of 1949, entered into an oral agreement for the crop year commencing March 1, 1950, and in furtherance of such agreement he sowed wheat, cut stubble, and plowed ground during the fall of 1949. Thereafter in December of 1949 plaintiffs sent a letter to defendant stating he would not lease him the land for 1950. Later in December, plaintiff entered into another lease with another lessee, the lease to begin March 1, 1950. A directed verdict was rendered in favor of plaintiff. Since then plaintiff has filed a supplemental petition asking for coercive relief.

The agreement is within the statute of frauds. The court was unable to find a reported case on the direct question arising in Ohio. In 125 A. L. R. §5, page 1480, this question is discussed. Decisions in other jurisdictions are conflicting. These decisions are not controlling because the statute of frauds of the various states differs.

However, it is the opinion of the court that such an agreement is within the statute. In the case of **Bumiller v. Walker, 95 Oh St 344,** it was held that a tenant in possession did not have to leave and make a new entry to get a new possession to take an oral agreement out of the statute of frauds. However, the court stated either party could repudiate the agreement before the same has been validated by possession taken thereunder, that is, a carrying over for a new term.

In the case of **The Buschman Co. v. The Garfield Realty Co., 97 Oh St 54,** the court held as follows:

"A parol agreement made by a landlord and tenant in possession under an existing lease, prior to the expiration of such lease, for a tenancy **in futuro** from and after the original term, may be repudiated by either party before the same has been validated by possession taken thereunder."

Thus, it would appear that the law of the state is that an agreement by a tenant in possession with his landlord for a new lease to commence after the end of the present term is within the statute of frauds and may be repudiated by either party prior to the commencement of the new term; only after the new term commences will there be a possession that will take the same out of the statute of frauds. This is the gist of the decision in the case of **Roos v. The John Shillito Co., 52 Oh Ap 262,** although the language therein used is somewhat different.

However, defendant claims that even though there cannot be a new possession until the old expires, that the part performance, that is, the tilling of the fields and planting of the wheat, is sufficient to take it out of the statute of frauds. In the case of **Hodges v. Ettinger, 127 Oh St 460,** the supreme court limited the doctrine of part performance. At page 467 the court stated:

"It is our holding in this case that the doctrine of part performance can be invoked in Ohio, to take a case out of the statute of frauds, only in cases involving the sale or leasing of real estate, wherein there has been a delivery of possession of the real estate, in question, and in settlements made upon consideration of marriage followed by actual marriage."

Thus, it appears the supreme court limited the doctrine of part performance in cases involving real estate exclusively to where possession has been given. The court held that other acts short of possession cannot constitute a part performance that takes a case out of the statute. The court in the Hodges case also stated:

"As heretofore stated, the courts of England and our own country have consistently held that the acts relied on to take

a case out of the statute of frauds must be unequivocal, and because of the inducement to litigants in close cases to equivocate, the doctrine of part performance was restricted to cases involving the sale or leasing of real estate, wherein there had been delivery of possession and settlements made upon consideration of marriage, followed by actual marriage. Possession of real estate and actual marriage being so fixed and decidedly unequivocal as to practically admit of no denial, pleas of part performance in such cases were entertained."

Thus, the court must not only consider these parties but other parties to similar lawsuits. It is the court's conclusion that there was a misunderstanding between the parties, and as a matter of moral right, certain equities would lay with the defendant. However, the statute states that such agreements must be in writing. If an exception were made here it would appear that an unscrupulous tenant could always plow or plant a few crops in the fall and come in and state that there was an oral agreement for a new lease for the coming year. Thus, the very purpose of the statute of frauds would be defeated.

The court also had available to it an unreported case decided in the Court of Common Pleas of Darke County, Ohio, **Walker v. Sharp,** in which, on a similar and almost identical state of facts, a similar conclusion was reached. The only difference in that case, from the opinion, is that it does not appear whether or not there has been any fall plowing. However, the question of who was entitled to crops planted in the fall was discussed at great length and it would appear that that was present in the case. This unreported decision was sustained by the Court of Appeals of Darke County.

For the above reasons mentioned, the court directed a verdict in favor of the plaintiff and ruled that the defendant had no right of possession to the premises.

Thus, we come to the next phase of the case. That is, coercive relief sought on the part of the plaintiff as provided by General Code.

From the review of authorities, it appears that if coercive relief would not be granted in similar cases at law or equity, such relief would not be granted where a breach occurs following a declaratory judgment, and conversely, if such relief would be granted in similar cases at law or equity, then such relief may be granted for a breach following a declaratory judgment. Thus, it becomes pertinent to decide whether or not coercive relief could be sought if the case had not originally been anticipatory. Defendant maintains that the execution of the lease by the plaintiff with a new tenant for this year

bars him from any coercive relief as he, plaintiff, is not entitled to immediate possession and the rules of ejectment must be applied here.

The court agrees that the rules of ejectment must apply here, it being the relief that would be sought if this had not been an anticipatory action. It is true that generally in ejectment, the right of possession is one of the main incidents. However, this does not appear to be the rule where a landlord has made a lease and the new lessee has never been put into possession. This has been decided in two cases in actions of forcible entry and detainer. These cases hold that a landlord is not precluded from maintaining an action in forcible entry and detainer against the tenant by the fact that he has subsequently leased the property to a new tenant. **Nassr v. Upton, 4 Oh Ap 202;** Lee Cahn v. Hammon Building Co., 9 O. D. 656. Forcible entry and detainer, like ejectment, is a possessory action. However, the same has been held in an action of ejectment. In the case of **The State of Ohio v. The Cincinnati Tin & Japan Company, 66 Oh St 182, at page 214** the court stated:

"There is another reason why the state could not recover, and why the admission of that record was not prejudicial. The lease by the state to Brown & Wood, of date of April 23, 1868, for ninety-nine years renewable forever, was introduced by the state, and the record shows that Brown & Wood accepted the lease without being put into possession, and assigned the lease to the Canal Elevator and Warehouse Company. The latter company waived the right it had to insist that the state should put it into possession, and undertook by action to recover the possession itself, and for that purpose plead and relied upon the lease from the state so that the state was treated as being out of the contest, and as having performed its duty toward its lessees as to possession, and the lessees assumed the burden of obtaining possession under the lease."

Thus, it is clear that even if a landlord does not have the immediate right of possession, he may still maintain an action in ejectment to put a new lessee in possession who has never been in possession. This ruling is only natural as the landlord could be subject to an action by the lessee for the failure to give possession. Of course, the rule is different if a tenant has once been put into possession.

The next question raised is whether or not the new lessees waived their right to have plaintiff put them into possession by joining with the landlord in an action to recover possession on action in ejectment. This action was filed on the same date that plaintiff's supplemental petition was filed herein.

It is the opinion of the court that this was not a sufficient waiver. He did not attempt to take any action independent of that of the landlord but took action in conjunction with the landlord. Joining with the landlord does not show that he had waived his right to have the landlord put into possession. If he had maintained the suit alone, the ruling would be different.

It is therefore the court's opinion that the plaintiff could have maintained coercive action in an action at law, if the case had been one in ejectment instead of one in reference to a declaratory judgment.

Thus, we come to the question of relief. It is the court's opinion that a writ of ejectment can only be used in an action of ejectment. That presents the question of whether or not an injunction is a proper remedy. Defendant has cited the cases of **Harlan v. Veidt, 6 Oh Ap 45** and **Turnbull v. City of Xenia, 80 Oh Ap 389, 36 O. O. 91,** as holding that an injunction may not be used to oust a person of possession of property. However, this was not the basis of the decisions in those cases. The basis for both decisions is contained in Syllabi 5 of the Harlan case, which was recited in the Turnbull case, which reads:

"The question of title cannot be raised in an injunction case, and is one to be determined in a court of law."

This is undoubtedly correct. However, in this case the defendant did have a jury and the question of title was decided by a jury. The only question now is, since title has been decided, whether or not the decision of the court must be unenforceable unless an action in ejectment is commenced. or whether it may be enforced by injunction. In the case of **Kemp v. Feldman, 84 Oh Ap 154, 39 O. O. 173,** the court held:

"A tenant in possession of land is entitled to a permanent injunction against the purchaser of the land who enters upon such land and put it to a use which deprives the tenant of his rights under the tenancy."

In the case of Graham v. Burggraf, 10 C. C. (N. S.) 594, an injunction prohibiting acts of ownership was denied, but the court intimated that in a proper case that such remedy is proper.

It would be quite odd if a court could grant a declaratory judgment and then not be able to grant relief under this judgment when the proper time arrives. If such were true, a declaratory judgment would lose its effect. It would be necessary then to have two suits, one to declare future rights and then one to redetermine these rights when the time arrived for their enforcement.

Therefore, the injunction prayed for will be granted and the defendant will be enjoined from asserting acts of ownership on said premises.